

# NUMBER 13-24-00408-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE CORY STARNES

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Longoria[1]**

On August 15, 2024, relator Cory Starnes filed a petition for writ of mandamus seeking to compel the Honorable Ben Zeller, the County Judge of Victoria County, Texas, to order a special election for November 5, 2024, regarding incorporating the Village of Bloomington as a municipality and for the election of its initial governing body. Relator alleges that the County Judge has been presented with a statutorily sufficient petition and

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

thus has a ministerial duty to order the election but has not yet ordered an election. Relator seeks emergency relief on grounds that the deadline for ordering a special election is Monday, August 19, 2024.

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). We "may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election." TEX. ELEC. CODE ANN. § 273.061(a); *see In re Rogers*, 690 S.W.3d 296, 299 (Tex. 2024) (orig. proceeding) (per curiam); *In re Dominguez*, 621 S.W.3d 899, 904 (Tex. App.—El Paso 2021, orig. proceeding) (per curiam).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain relief. Accordingly, we deny the petition for writ of mandamus and relator's request for emergency relief.

NORA L. LONGORIA
Justice

Delivered and filed on the
16th day of August, 2024.

2